Lundell v. Schultz, 186 Ill. App. 245.

### Abstract of the Decision.

1. BILLS AND NOTES, § 50*—*what constitutes a good consideration for a note.* Where a person having certain property in his posses-sion gives his promissory note to another in settlement of a claim of the latter that a third person's interest in the property had been assigned to him to settle a balance due on a certain chattel mortgage, *held* that there was a good consideration for the note if the claim was true.

2. BILLS AND NOTES, § 420*—*when exclusion of letter is error.* In an action on a promissory note, where the defense was want of con-sideration, exclusion of a letter offered by plaintiff to show that plaintiff was owner of certain property for which the note was given, *held* error where the only specific objection to its admission was that it was not written by a party to the suit.

---

## T. E. Lundell, Appellee, v. Minnie Schultz, Appellant.

### Gen. No. 5,893.   (Not to be reported in full.)

Appeal from the County Court of Rock Island county; the Hon. BENJAMIN S. BELL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

### Statement of the Case.

Action by T. E. Lundell against Minnie Schultz to recover commissions on a sale of real estate. The pleadings were the common counts and the general issue. A jury was waived and the case was tried by the court. The county judge of Rock Island county having resigned, the county clerk called in the probate judge who presided at the trial. No evidence was offered by the defendant. From a judgment in favor of plaintiff for three hundred dollars, defendant appeals.

The errors relied on for reversal are: (1) That the presiding judge was illegally sitting as the judge of the County Court; that he had no jurisdiction to preside

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

as such, and his judgment is *coram non judice.* (2) That the judgment is against the law and the evidence. (3) That upon the facts disclosed by the record, the judgment must necessarily be rendered against the appellee and in favor of the appellant. (4) That the court erred in admitting improper evidence on the part of appellee and erroneously overruled a motion of appellant, made at the close of appellee's case, to strike out all the evidence and find for appellant.

A. H. KOHLER and J. T. & S. R. KENWORTHY, for appellant.

GEORGE W. WOOD, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGES, § 9*—*when probate judge may sit in County Court.* In case of resignation of a county judge, section 239a, ch. 37, R. S. 1911, J. & A. ¶ 3283, expressly authorizes the county clerk to call in a county or probate judge to sit.

2. BROKERS, § 54*—*when evidence sustains judgment for commissions.* In an action for commissions for selling real estate, a judgment for plaintiff *held* sustained by the evidence, it appearing that defendant offered to sell her property on certain terms and to pay certain commissions to the plaintiff if he would secure a purchaser, and it further appearing a purchaser was procured on the terms proposed and that defendant refused to sell.

3. APPEAL AND ERROR, § 1414*—*when judgment by court without a jury will be sustained.* Where there is sufficient competent evidence to sustain a judgment by the court without a jury, the judgment will not be reversed for minor errors of the court in ruling on evidence.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.